Case 2:20-cv-00238   Document 27   Filed on 03/25/22 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
March 25, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL ACUNA, JR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-00238 |
| | § | |
| COMMISSONER OF SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Plaintiff Daniel Acuna, Jr. filed this action to appeal the denial of his application for Social Security disability benefits and supplemental security income. D.E. 1. Before the Court is Acuna's motion for summary judgment and the Commissioner's response. D.E. 19, 24. After reviewing the motion, United States Magistrate Judge Julie K. Hampton issued her Memorandum and Recommendation (M&R), recommending that Acuna's motion be denied, the Commissioner's determination be affirmed, and this case be dismissed. D.E. 25. Now before the Court are Acuna's objections to the M&R. D.E. 26. For the reasons discussed below, the Court **OVERRULES** Acuna's objections and **ADOPTS** the findings and conclusions in the M&R.

### STANDARDS OF REVIEW

#### I.  Magistrate Judge's M&R

The district court conducts a de novo review of any part of the magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). As to any portion for which no

objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## II. Administrative Determination

There are two questions in an appeal of the denial of disability benefits: "whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal standards when evaluating the evidence." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A court may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## DISCUSSION

### I. Supportability of Dr. Nooruddin's Opinion

The Magistrate Judge concluded that the Administrative Law Judge (ALJ) adequately addressed supportability when analyzing Consultative Examiner (CE) Dr. Nooruddin's opinions. D.E. 25, p. 14. Acuna cites the regulations for "How we consider and articulate medical opinions and prior administrative medical findings," asking the Court to decline to adopt the Magistrate Judge's conclusion. D.E. 26, p. 1 (citing 20 C.F.R. §§ 404.1520c, 416.920c). Acuna argues that the ALJ used consistency evidence when making a supportability finding—essentially arguing a failure to apply the proper legal standards when

evaluating the evidence. *Id.* Acuna then asserts that the Court should find in favor of Acuna because the CE's opinion was internally supported via exam findings. *Id.* (citing D.E. 20, p. 13).

However, Acuna has failed to parse the evidence of exam findings between complaints. Only the portion of the CE's opinion on Acuna's shoulder was internally supported by exam findings. The CE did review Acuna's 2017 shoulder x-ray, and the ALJ accepts and incorporates this finding into her conclusion that the Plaintiff has a residual function capacity (RFC) of medium with certain limitations. *See* D.E. 15-3, pp. 14–17; D.E. 15-8, pp. 303–307, 321.[1] Acuna has failed to point to any exam findings pertaining to his hands and knees that would support a disability finding on the condition of those body parts.

The ALJ correctly stated—as the Magistrate Judge notes—that the CE's conclusions about Acuna's hands and knees were not supported by imaging studies or medical records. D.E. 15-3, p. 19 (explaining that the CE's conclusion on this subject was based on Acuna's subjective complaints without objective evidence); D.E. 25, pp. 13–14. The ALJ thus does not give controlling weight to the CE's medical conclusions about Acuna's hands and knees because the CE's opinions in that regard were not "well-supported by medically acceptable clinical and laboratory diagnostic techniques." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) (citing 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)).

The ALJ thus adequately addressed supportability of the CE's medical opinions, and the Court **OVERRULES** Acuna's objection.

---

[1] Page numbers offered for Exhibits 15-3 through 15-8 correspond to the original page numbers in the Administrative Transcript.

## II. Consistency of Dr. Nooruddin's Opinion

Second, Acuna claims that the ALJ failed to apply the proper legal standards by "playing doctor" and making her own assessments of his claimed disabilities, rather than deferring to medical professionals. D.E. 26, p. 2. Moreover, Acuna argues, the ALJ must review all of the evidence and not pick and choose what evidence to consider. *Id.* Specifically, Acuna argues the ALJ "offered no basis for valuing a lack of edema, altered sensation, or altered strength more than range of motion and pain, specifically valuing them as to the opined limitations." *Id.* (citing D.E. 15-3, pp. 19–20).

Regarding inconsistency in the CE's report, the ALJ specifically stated that the CE's "opinion limiting the claimant to standing and walking for only 2 hours in an 8-hour workday is inconsistent with the claimant's demonstrated capacity to get into and out of the exam chair without difficulty and his ability to ambulate without an assistive device." D.E. 15-3, p. 18. Considering the record as a whole, the ALJ explained that Acuna's limited clinical abnormalities, stable clinical presentation, and "entirely conservative care" were inconsistent with the CE's functional assessment conclusion. D.E. 15-3, pp. 16–19 (citing D.E. 15-8, p. 308). These inconsistencies supported the ALJ's basis for devaluing the CE's opinion. 20 C.F.R. § 404.1527 ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion.").

Therefore, the ALJ satisfactorily addressed consistency with regard to the CE's report, and the Court **OVERRULES** Acuna's objection.

## III. Substantial Evidence Supporting ALJ's Determination

Acuna's final objection is that the ALJ's decision is not supported by substantial evidence. Instead, he argues, the ALJ relied on her own lay opinion and disregarded the only

4

opinion of a medical professional in a case that he argues requires medical expertise. D.E. 26, p. 2; *see also* D.E. 20, p. 14. Acuna goes on to assert that the Magistrate Judge did not address that "[t]he stark contrast between the sedentary opinion and the ALJ's medium RFC warrants analysis by a health care professional, and not simply a lay person ALJ." D.E. 26, p. 2 (citing D.E. 20, pp. 14–15).

But the ALJ's decision to consult a medical expert is a discretionary one. *Haywood v. Sullivan*, 888 F.2d 1463, 1472 (5th Cir. 1989); *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977). The responsibility for deciding whether an impairment meets or equals a listed impairment remains with the Commissioner and not with a medical expert. *Id.*; 20 C.F.R. §§ 416.926(e), 416.927(e). As the Magistrate Judge stated, "the ALJ does not 'defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s).'" D.E. 25, p. 11 (citing 20 C.F.R. §§ 404.1520c(a), 416.920(a)). And ALJs may discredit or disagree with a medical expert's opinion so long as they point to evidence in the record supporting their conclusion. *Newton*, 209 F.3d at 455; *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987).

Therefore, it was within the ALJ's discretion whether (1) to consult an additional medical expert and (2) to disagree with the expert's opinion. The Fifth Circuit regularly upholds an ALJ's disagreement with and discrediting of the opinions of medical experts, so long as the ALJ applied the proper legal standards of review and supported her decision with substantial evidence. *E.g.*, *Cain v. Barnhart*, 193 F. App'x 357, 360 (5th Cir. 2006) (affirming ALJ's rejection of the opinions of *all* treating and examining physicians, as well as the CE's opinion); *Qualls v. Astrue*, 339 F. App'x 461, 466 (5th Cir. 2009). The ALJ did so in this case and pointed to evidence in the record supporting her RFC determination. D.E. 25, pp. 14–15

(citing D.E. 15-7, pp. 244–51; D.E. 15-8, pp. 294, 313) (describing the substantial evidence supporting the ALJ's conclusion). Acuna's objection, therefore, merely asks the Court to give greater credence to the CE's opinion and reweigh the evidence. Without a demonstration that "no credible evidentiary choices or medical findings support the [ALJ's] decision," the Court will not substitute its judgment for the ALJ's. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). Therefore, the Court **OVERRULES** Acuna's objection.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Acuna's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the M&R to which objections were specifically directed, the Court **OVERRULES** Acuna's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, this action is **DISMISSED**.

Ordered on March 25, 2022.

_____
Nelva Gonzales Ramos
United States District Judge